UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM M. MURRAY,

                               Plaintiff,

                                                                         DECISION AND ORDER

                                                                         08-CV-6383L

                     v.

NEW YORK STATE,
NEW YORK STATE DEPARTMENT
OF CORRECTIONAL SERVICES,

                               Defendants.
_____

       Plaintiff, William J. Murray, who appears *pro se*, commenced this action against New York State and the New York State Department of Correctional Services ("DOCS"), under 42 U.S.C. § 1983. Plaintiff, who is currently employed by DOCS as a substance abuse counselor at Five Points Correctional Facility, alleges that he has "identified and reported federal fraud, state fraud and civil service fraud" within DOCS that has "resulted in the early and illegal release of convicted felons and the misappropriation of millions of tax dollars." Complaint ¶¶ 9, 10. Plaintiff also alleges that he has been "subjected to harassment and discrimination" on account of his actions, including unwarranted negative evaluations and discipline, denial of promotions and transfers, and other adverse actions. Complaint ¶ 12.

Plaintiff asserts that these adverse retaliatory actions have violated his rights under the First and Fourteenth Amendments to the United States Constitution. He seeks declaratory and injunctive relief, as well as "compensation ... for lost wages, transportation and pain and suffering in the amount of $750,000.00." Complaint ¶ 18(i).

Defendants move to dismiss the complaint on the ground that plaintiff's claims are barred by the Eleventh Amendment, which provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state or by citizens or subjects of any foreign state." Although the amendment refers only to suits by citizens of other states and of foreign countries, "[t]he Supreme Court has interpreted the Eleventh Amendment to bar suits as well by citizens against their own state government." *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)); *accord Veloz v. New York*, 35 F.Supp.2d 305, 310 (S.D.N.Y. 1999). The bar also applies not only to suits against the state itself, but to suits against any "arm of the state" such as DOCS. *See Fireman's Fund Ins. Co. v. City of Lodi, California*, 302 F.3d 928, 957 n. 28 (9th Cir. 2002), *cert. denied*, 538 U.S. 961 (2003); *West Virginia Oil and Natural Gas Ass'n v. Wooten*, No. 2:08-CV-00835, 2008 WL 4835319, at *3 (S.D.W.Va. Nov. 6, 2008); *Bryant v. New York State DOCS Albany*, 146 F.Supp.2d 422, 425 (S.D.N.Y. 2001). Plaintiff's claims against the named defendants–New York State and DOCS–are therefore barred by the Eleventh Amendment.

In *Ex parte Young*, 209 U.S. 123 (1908), however, the Supreme Court carved out a "narrow exception to the general rule of Eleventh Amendment immunity from suit." *Frew ex rel. Frew v.*

*Hawkins*, 540 U.S. 431, 438 (2004). That exception permits a plaintiff to sue state officials, in their official capacities, so long as the plaintiff seeks only prospective declaratory or injunctive relief to remedy an ongoing violation of federal law. *Frew*, 540 U.S. at 437; *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007); *Jones v. New York State Div. of Mil. and Naval Affairs*, 166 F.3d 45, 49-50 (2d Cir. 1999).

The concept underlying *Ex parte Young*–*i.e.*, that "acts by state officials which are contrary to federal law cannot have been authorized or be ratified by the state; and [that] suits seeking to enjoin such wrongful and unauthorized acts are not suits against the state and a federal court's injunction against such wrongful acts is not a judgment against the state itself"–has been described as a legal fiction. *See*, *e.g.*, *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 282 (1997). "Fiction though it may be," however, "the requirement for suing state officials in their individual capacities [as opposed to the state itself] is an essential element of the *Ex parte Young* doctrine." *Saltz v. Tennessee Dep't of Employment Security*, 976 F.2d 966, 968 (5th Cir. 1992).

Accordingly, courts have held that a plaintiff seeking to enjoin a state agency from continuing to violate federal law must sue the relevant state officials in their official capacity, not the state or state agency itself. *See*, *e.g.*, *Deposit Ins. Agency*, 482 F.3d at 618 ("A plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state officers, as opposed to the state, in their official capacities, provided that his complaint (a) 'alleges an ongoing violation of federal law' and (b) 'seeks relief properly characterized as prospective'") (quoting *Verizon Maryland Inc. v. Public Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002)); *accord State Employees Bargaining Agent v. Rowland*, 494 F.3d 71, 95, 98 (2d Cir. 2007).

In the case at bar, plaintiff, in response to defendants' motion, has requested that, should the Court determine that his claims are barred by the Eleventh Amendment, the Court grant him leave to amend the complaint to name the relevant state officers in their official capacities. Plaintiff's Memorandum of Law (Dkt. #7) at 6. As explained above, to the extent that plaintiff alleges an ongoing violation of his constitutional rights, and seeks purely equitable, prospective relief for such violations, he may do so. Courts generally grant plaintiffs leave to amend to name the appropriate defendants in such situations. *See*, *e.g.*, *Thompson v. Cooke*, No. 96-cv-01791, 2007 WL 891364, at *2 (D.Colo. Mar. 22, 2007); *Owens v. Board of Regents of Texas Southern Univ.*, 953 F.Supp. 781, 792 (S.D.Tex. 1996); *CSX Transp., Inc. v. Georgia Pub. Serv. Comm'n*, 944 F.Supp. 1573, 1580 (N.D.Ga. 1996). I therefore grant defendants' motion to dismiss, but without prejudice to plaintiff's filing an amended complaint, as set forth in the Conclusion of this Decision and Order.

I repeat, however, that the exception permitting suits against state officers in their official capacities applies only to equitable, *i.e.*, non-monetary relief. To the extent that plaintiff seeks to recover back pay or similar compensatory damages, his claims in this action remain barred by the Eleventh Amendment. *See Dwyer v. Regan*, 777 F.2d 825, 836 (2d Cir. 1985); *McGregor v. Goord*, 18 F.Supp.2d 204, 210 (N.D.N.Y. 1998).[1]

---

[1] The Court expresses no opinion concerning whether plaintiff might be entitled to seek monetary relief in the New York Court of Claims or in some other state proceeding.

**CONCLUSION**

Defendants' motion to dismiss the complaint (Dkt. #3) is granted. The complaint is dismissed without prejudice to plaintiff's filing an amended complaint within thirty (30) days of the date of entry of this Decision and Order. The amended complaint shall be limited to seeking prospective declaratory and injunctive relief against the relevant state officers, in their official capacities only, in accordance with this Decision and Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 17, 2008.