UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILLIAM J. MURRAY,

                                          Plaintiff,

                                                                        DECISION AND ORDER

                                                                        08-CV-6383L

                                          v.

GARY COLEMAN, et al.,

                                          Defendants.
_____

## **INTRODUCTION**

Plaintiff, William A. Murray ("Murray"), proceeding *pro se*, brings this action against a number of employees of the New York State Department of Correctional Services ("DOCS"), and Judith Ratner ("Ratner"), an employee of the Department of Civil Service (collectively, "defendants").[1] Murray alleges that during his employment with DOCS as a substance abuse counselor, defendants subjected him to various forms of harassment and retaliation, in violation of his constitutional rights under the First and Fourteenth Amendments, and his second amended complaint ("complaint") demands various forms of equitable relief.

---

[1] The State of New York and DOCS were also originally named as defendants, but were dismissed from the case on the grounds of Eleventh Amendment immunity. (Dkt. #8, #29).

One of the defendants, DOCS Commissioner Brian Fisher ("Commissioner"), timely answered the complaint. (Dkt. #35). The remaining twenty-one individual defendants now move for dismissal of the complaint pursuant to Fed. R. Civ. Proc. 12(b)(5) and (6), on the grounds that Murray has failed to properly effect service of the complaint in accordance with Fed. R. Civ. Proc. 4, and that he has not sufficiently stated a claim against defendant Ratner.

For the reasons set forth below, that motion (Dkt. #33) is granted in part, and otherwise denied.

## DISCUSSION

**I.     Standard for Dismissal Pursuant to Fed. R. Civ. Proc. 12(b)(6)**

In deciding whether a complaint should be dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6), a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987). However, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**II.          Plaintiff's Failure to Effect Service**

Initially, defendants allege that Murray failed to timely effect service of process. Rule 4(m) of the Federal Rules of Civil Procedure authorizes the dismissal of an action where a plaintiff has failed to effectuate service of process within 120 days of filing the Complaint. Fed. R. Civ. Proc.

4(m). "The Federal Rules of Civil Procedure place the responsibility for proper service of a summons and complaint, and the burden of demonstrating proper service, squarely upon the plaintiff." *Lab Crafters v. Flow Safe, Inc.*, 233 F.R.D. 282, 284 (E.D.N.Y. 2005).

Service pursuant to Fed. R. Civ. Proc. 4 may be made in a number of ways, including pursuant to the governing state law – here, N.Y. CPLR §307. Fed. R. Civ. Proc. 4(e). N.Y. CPLR §307 provides:

> Personal service on a state officer sued solely in an official capacity . . . shall be made by (1) delivering the summons to such officer or to the chief executive officer of such agency or to a person designated by such chief executive officer to receive service, or (2) by mailing the summons by certified mail, return receipt requested, to such officer or to the chief executive officer of such agency, and by personal service upon the state in the manner provided by subdivision one of this section [which describes service by "delivery of the summons to an assistant attorney-general at an office of the attorney-general or to the attorney-general within the state"].

N.Y. CPLR §307(2).

On September 1, 2009, the Court granted a motion by plaintiff to amend a prior complaint, and ordered that the named defendants be timely served with the second amended complaint, in accordance with Fed. R. Civ. Proc. 4. Plaintiff contends that on September 29, 2009, he attempted to serve the individual DOCS defendants in the manner prescribed by N.Y. CPLR §307(2) by delivering to Tom Goetz, an attorney for DOCS – and, plaintiff alleges, a person designated to receive service on behalf of DOCS – copies of the complaint intended to each of the defendants. Goetz, however, refused service, stating that he would only accept service on behalf of the Commissioner. When process server Michael Alvaro explained that the defendants were being sued in their official capacities, and that service upon the Commissioner's designee was therefore proper

pursuant to N.Y. CPLR §307, Goetz glibly claimed he had no way of knowing whether the complaint asserted claims against the defendants in their official rather than personal capacities, declined to review the complaint to ascertain that information, and again refused service. Alvaro returned later that day and again attempted to complete service, at which time another DOCS attorney accepted service on behalf of the Commissioner, but not the other defendants. (Dkt. #38, Exh. A). Personal service was effected separately upon defendant Ratner. (Dkt. #38, Exh. B).

His initial attempt at service on the remainder of the defendants having been rebuffed, plaintiff next attempted to serve them by mail in the alternative manner prescribed by N.Y. CPLR §307(2). He mailed, by certified mail, return receipt requested, copies of the summons and complaint to each defendant (albeit addressed to the Commissioner), and further sent a copy to the assistant attorney general assigned to the matter.

Defendants contend that plaintiff failed to effect personal service on plaintiffs through delivery to the Commissioner in the first instance, and that plaintiff's attempt at service by mail was also ineffective, because plaintiff addressed each of the mailings, not to the individual defendants, but simply to the Commissioner himself.

Initially, the Court notes that plaintiff's second attempt to serve the defendants by certified mail was deficient, for reasons not addressed by defendants in their motion papers. Putting aside the issue of whether the envelopes were addressed in such a way as to identify the defendants for whom they were intended,[2] the plaintiff appears to have served the attorney general solely by certified mail,

---

[2] While the sufficiency of addressing the envelopes to the Commissioner rather than the defendants individually need not be decided here, the Court is troubled by the logical result of the defendants' argument. If the Court were to conclude, for example, that service upon state

(continued...)

rather than by the in-person delivery required by N.Y. CPLR §307(1), which renders the service defective. *See Wendell v. New York State Ins. Dep't*, 2007 U.S. Dist. LEXIS 62314 at *13 (E.D.N.Y. 2007) (mailing complaint to attorney general is insufficient service under N.Y. CPLR §307(1), because the Rule requires personal delivery); *Spencer v. Eristoff*, 2006 U.S. Dist. LEXIS 56221 at *7 (M. Dist. Pa. 2006) (finding that complaint was not served properly pursuant to N.Y. CPLR §307, where plaintiff produced no evidence that the complaint was personally delivered to the attorney general).

Plaintiff's initial attempt at service, however, should have been successful, and would have been, had the Commissioner's designee not wrongfully declined to accept service. Defendants do not dispute that Goetz was authorized to accept service on behalf of the Commissioner, and therefore, on behalf of DOCS employees being sued in their official capacities. Moreover, it is undisputed that Goetz was expressly informed that the complaints sought to be served pertained solely to the defendants in their official capacities. The contents of the complaint were no mystery to the Commissioner's office, as the complaint sought to be served had already been filed – indeed, the underlying motion for leave to amend had been opposed by DOCS and decided by the Court – and copies of that complaint were served the same day upon the Commissioner, with additional copies later mailed to the defendants via the Commissioner.

The Court may excuse a plaintiff's failure to timely serve defendants where the plaintiff demonstrates good cause for that failure. Furthermore, it is well settled that deficient service may

---

[2](...continued)
officials at their offices, "in care of" their chief executive officer, was insufficient, the Court would have little choice in such cases but to order DOCS and other agencies to produce the complete, personal home addresses of their employees in order to facilitate service.

be deemed complete where the deficiency is attributable to the recipient's mistake or deception, and not to a lack of reasonable, good faith effort on the part of the process server. *See e.g.*, *Fashion Page, Ltd. v. Zurich Ins. Co.*, 50 N.Y. 2d 265, 274-275 (N.Y. Ct. App. 1980). Under the circumstances, I find that the plaintiff "acted diligently in overcoming the obstacles" to service, *Rice v. Scudder Kemper Invs., Inc.*, 2003 U.S. Dist. LEXIS 995 at *5 (S.D.N.Y. 2003), and further that the Commissioner's agent, either by mistake or by intentional deception, resisted service on behalf of the defendants at issue. Moreover, the defendants are clearly on notice of this matter and the specific claims against them: each has appeared by counsel and either timely answered the complaint, or else moved to dismiss it in lieu of an answer. Defendants have not alleged or shown any prejudice whatsoever resulting from the purportedly deficient service. As such, plaintiff's failure to effect timely service upon the moving defendants in the precise manner specified by N.Y. CPLR. §307(1) and (2) is excused.

**III.     Plaintiff's Claims Against Judith Ratner**

Defendants contend that the complaint asserts no plausible allegations of a constitutional violation by Judith Ratner, an employee of the Department of Civil Service and the only non-DOCS party named in the complaint. Indeed, the only allegation in the amended complaint concerning Ratner is the allegation that she engaged in "harassment discrimination" against plaintiff, in the form of "denial of freedom of information law ["FOIL"] requests." (Dkt. #30 at ¶14).

Defendants contend that the denial of a FOIL request under the circumstances alleged by plaintiff cannot, as a matter of law, present a constitutional violation. To the extent that plaintiff intended to include Ratner in his Fourteenth Amendment claim, defendants are correct, as no such

claim would lie. *See Simpson v. Town of Southampton*, 2007 U.S. Dist. LEXIS 43649 at *14 (E.D.N.Y. 20007) (there is no constitutionally protected property interest in the satisfactory handling of FOIL requests, and therefore denial of a FOIL request cannot form the basis for a Fourteenth Amendment due process claim, where plaintiff failed to take advantage of state law procedures for appealing the denial); *Lawrence v. Antonucci*, 2005 U.S. Dist. LEXIS 38777 at *10-*11 (W.D.N.Y. 2005) (denial of FOIL request does not implicate Fifth or Fourteenth Amendment due process rights, where plaintiff did not pursue state law remedies).

However, with respect to the plaintiff's First Amendment retaliation claim, the case law relied upon by defendants holds merely that the First Amendment does not confer a blanket right of access to all government records. *See Schuloff v. Fields*, 950 F. Supp. 66 (E.D.N.Y. 1997). Here, plaintiff is not claiming that the First Amendment entitled him to disclosure of the records he requested through FOIL: rather, he asserts that Ratner's denial of his FOIL request was an unconstitutional act of retaliation for his exercise of his own First Amendment rights. While the allegations against Ratner are sparse and their merits untested at present, I conclude that on the face of the complaint, plaintiff has managed to sufficiently state a claim against Ratner for retaliation in violation of the First Amendment. *See generally Adrian v. Town of Yorktown*, 2007 U.S. Dist. LEXIS 36448 (S.D.N.Y. 2007) (noting that it was unclear whether plaintiffs who alleged that a defendant "violat[ed] the Freedom of Information Law [and was motivated by] retaliation to punish plaintiffs" are attempting to assert both First Amendment retaliation and due process claims, but finding that the claim should be dismissed *only* insofar as it alleged a denial of due process).

**CONCLUSION**

For the foregoing reasons, I find that plaintiff's failure to timely serve the defendants with the complaint is excused, and that plaintiff has sufficiently stated a claim for retaliation in violation of the First Amendment against defendant Ratner, but has failed to state a claim against Ratner under the Fourteenth Amendment. Defendants' motion to dismiss the complaint (Dkt. #33) is therefore granted in part, and plaintiff's second cause of action, which alleges violation of the Fourteenth Amendment, is dismissed insofar as it is asserted against Ratner. The motion to dismiss is otherwise denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 15, 2010.