UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM J. MURRAY,

                                     Plaintiff,

                                     DECISION AND ORDER

                                     08-CV-6383L

              v.

GARY COLEMAN, et al.,

                                     Defendant.
_____

## **INTRODUCTION**

In the words of famed American playwright Edward Albee, "[s]ometimes a person has to go a very long distance out of his way to come back a short distance correctly." Such is the case here, insofar as it concerns plaintiff's attempts to effect proper service upon certain individual defendants.

Plaintiff William A. Murray ("Murray"), proceeding *pro se*, brings this action against, among others, a number of employees of the New York State Department of Correctional Services ("DOCS defendants"). Murray alleges that while he was employed by DOCS as a substance abuse counselor, defendants subjected him to various forms of harassment and retaliation, in violation of his constitutional rights under the First and Fourteenth Amendments.

On September 15, 2010 (Dkt. #51), the Court denied, in relevant part, a motion by defendants (Dkt. #33) to dismiss the claims against the DOCS defendants in their official capacities pursuant to Fed. R. Civ. Proc. 12(b)(5) and (6), on the grounds that they had not been properly served in the manner required by N.Y. C.P.L.R. §307(2). Specifically, the Court found that in light of the *pro se* plaintiff's attempts to serve the defendants through mailings to the Commissioner, and a rebuffed

attempt to personally serve them through an alleged designated agent for service, the plaintiff's failure to comply with the technical requirements of N.Y. C.P.L.R. §307 was excused.

The DOCS defendants now move for reconsideration of that Decision and Order (Dkt. #60). For the following reasons, that motion is granted, the defendants' motion to dismiss plaintiff's claims (Dkt. #33) is once again granted in part and denied in part,[1] and plaintiff is granted an extension of time in which to serve the individual defendants.

**DISCUSSION**

"Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cioce v. County of Westchester*, 128 Fed. Appx. 181, 185 (2d Cir. 2005). Thus, reconsideration is appropriate where necessary to correct for "clear error" or to "prevent manifest injustice," *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004), but should not be employed for the purpose of merely rearguing that which was previously decided. *See Shrader v. CSX Tranp.*, 70 F.3d 255, 257 (2d Cir. 1995).

Initially, the DOCS defendants argue that the Court erroneously found that DOCS counsel Tom Goetz ("Goetz") was a designated agent for service on the defendants. Although defendants did not, on their initial motion, challenge or respond to plaintiff' contention that Goetz was a designated agent for service, defendants now offer evidence that Goetz had not, in fact, been so designated. It is not clear why this fact was not presented to the Court by defendants in their initial motion to dismiss.

---

[1] In its September 15, 2010 Decision and Order, the Court granted the defendants' motion to dismiss only insofar as it pertained to plaintiff's claims against Department of Civil Service employee Judith Ratner. (Dkt. #51). Neither party has requested reconsideration of that portion of the decision at issue, and plaintiff's claims against Ratner remain dismissed for the reasons set forth therein.

Defendants contend that Goetz's refusal to accept the summonses tendered by plaintiff was not undertaken in bad faith, but merely because Goetz lacked any authority to accept service. Therefore, defendants urge, the Court erred in applying the provisions of N.Y. C.P.L.R. §307(2) which relate to service upon a state agency's designated agent, and in interpreting the provisions with respect to the extent to which service may be made upon a designated agent.

In the interest of justice, the Court has considered the new evidence and argument submitted by defendants, and the motion for reconsideration (Dkt. #60) is granted. The Court's September 15, 2010 Decision and Order is hereby vacated to the extent that the Court concluded that plaintiff's attempt to personally serve the individual DOCS defendants was excused by good cause. Rather, I find that plaintiff is entitled, pursuant to the provisions of Fed. R. Civ. Proc. 4(m), to an extension of time to properly effect service upon those individual defendants.

"A court can exercise its discretion in granting an extension without good cause, rather than dismissing the case for improper service, considering the following factors: '(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by granting plaintiff's request for relief from the provision.'" *Lumbermens Mut. Cas. Co. v. Dinow*, 2009 U.S. Dist. LEXIS 68658 at *10-*12 (E.D.N.Y. 2009), *quoting Kalra v. City of New York*, 2009 U.S. Dist. LEXIS 28857 at *12 (S.D.N.Y. 2009).

Concerning the first factor, "courts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis." *Beauvoir v. United States Secret Service*, 234 F.R.D. 55, 58 (E.D.N.Y. 2006)(internal citations and quotation marks omitted). Here, the plaintiff's claims of unconstitutional retaliation pursuant to the First and Fourteenth Amendment originate with his employment in 2004. As such, it is probable that if plaintiff were required to file his case anew, a number of his claims would be barred by the applicable three-year statute of limitations. *See Young v. Strack*, 2007 U.S. Dist. LEXIS 39771 at

*9 (S.D.N.Y. 2007) (three-year statute of limitations applies to First Amendment retaliation and Fourteenth Amendment claims).

The second factor also weighs in the plaintiff's favor. As the Court noted in its September 15, 2010 Decision and Order, "the defendants are clearly on notice of this matter and the specific claims against them: each has appeared by counsel and either timely answered the complaint, or else moved to dismiss it in lieu of an answer." (Dkt. #51 at 6). "In this regard, the 'core function' of service, that is, to supply notice of the legal action, has been satisfied." *See Lumbermens Mut. Cas. Co.*, 2009 U.S. Dist. LEXIS 68658 at *11, *quoting Henderson v. United States*, 517 U.S. 654, 671 (1996).

The third factor, whether the defendant attempted to conceal the defect in service, is neutral. The defendants timely moved to dismiss the action on the grounds of the alleged defects in service, and the plaintiff has timely responded, opposing that motion.

The final factor, whether defendants will be prejudiced by an extension, weighs in favor of plaintiff. The defendants offer no evidence that they would be prejudiced if an extension is granted, and have thus far fully and actively participated in the present action.

In light of the pertinent considerations, and the long-standing judicial preference for deciding cases upon their merits, *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), I find that defendants' motion to dismiss the complaint for failure to timely effect service should be denied in part and to the same extent articulated in the Court's September 15, 2010 Decision and Order (Dkt. #51, dismissing plaintiff's claims against Judith Ratner and declining to dismiss plaintiff's claims against the remaining defendants), and that plaintiff is entitled to an extension of time to serve the individual defendants, who have been sued in their official capacities.

## CONCLUSION

For the foregoing reasons, defendants' motion for reconsideration (Dkt. #60) is granted, defendants' motion to dismiss (Dkt. #33) is again denied in part, and plaintiff's request for an

extension of time to serve the remaining individual defendants with the summons and amended complaint is granted. Within fifteen (15) days of entry of this Decision and Order, the individual defendants are ordered to produce their correct home addresses to plaintiff, or in the alternative, to notify plaintiff that: (1) they have consented to waive additional service, or (2) that their counsel is authorized to accept service on their behalf. Plaintiff is directed that service upon any defendant who discloses his home address, and/or upon counsel authorized by any defendant to receive service, must be completed within thirty (30) days of such disclosure or notification.

    IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       December 14, 2010.