UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM J. MURRAY,

                Plaintiff,

                                              <u>DECISION AND ORDER</u>

                                              08-CV-6383L

              v.

GARY COLEMAN, et al.,

                Defendants.
_____

      Plaintiff William J. Murray, appearing *pro se*, has sued a number of defendants under 42 U.S.C. § 1983, asserting various claims relating to alleged harassment and retaliation in connection with his employment with the New York State Department of Correctional Services ("DOCS").

      Pursuant to prior orders of this Court, plaintiff seeks only prospective equitable relief against defendants in their official capacities. *See* Dkt. #8, #29, #30. All defendants other than DOCS Commissioner Brian Fischer now move to dismiss the claims against them, on the ground that all the relief sought by plaintiff can be obtained by means of an order directed against defendant Fischer in his official capacity. Plaintiff has not responded to the motion.

      I agree with defendants that the claims against the defendants other than Fischer are redundant. An official-capacity claim is tantamount to a claim against the state, and since plaintiff seeks only equitable relief, a claim against Commissioner Fischer in his official capacity can provide him with any relief to which he is entitled. *See Galloway v. Town of Greece*, 732 F.Supp.2d 195, 214 (W.D.N.Y. 2010) (stating that "[c]laims against individual defendants in their official capacities are really claims against the municipality and, thus, are redundant when the municipality is also named as a defendant") (internal quote omitted); *Carmody v. Village of Rockville Center*, 661 F.Supp.2d 299, 329 (E.D.N.Y. 2009) (noting that "courts have routinely dismissed ... claims against individuals named in their official capacity as redundant and an inefficient use of

...

judicial resources") (internal quotation marks omitted); *see also Amato v. City of Saratoga Springs*, 170 F.3d 311, 322 n12 (2d Cir. 1999) (noting that "[t]o the extent that Amato sought a cause of action against [city police chief] King in his official capacity, the district court dismissed any such claim as redundant to Amato's claims against the City," and that plaintiff did not appeal from that dismissal).

## CONCLUSION

The motion to dismiss (Dkt. #77) by defendants Joseph Lempke, Daniel Martuscello, Peter Brown, Gary Coleman, Lawrence Weingartner, Thomas Poole, John Nuttal, Charlie Harvey, Tom Knight, Galyn Schenk, Chad Powell, Sheryl Zenzen, James Festa, Tom Tanea, Kim Ghatt, Mary Mayville, George Galssanos, Dwight Bradford, James Kessell, and Tom Corcoran is granted, and the claims against those defendants are dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 31, 2011.