**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

William J. Murray,

              Plaintiff,

              **DECISION AND ORDER**
v.              08-CV-6383

Gary Coleman, *et al.*,

              Defendants.

## Preliminary Statement

Plaintiff William J. Murray, appearing *pro se*, brings the instant action pursuant to 42 U.S.C. § 1983, asserting various claims relating to alleged harassment and retaliation in connection with his employment with the New York State Department of Correctional Services ("DOCS"). Currently pending before the Court are plaintiff's motions to compel (Docket # 72), for sanctions (Docket # 72), to modify the scheduling order (Docket # 74), and defendants' motions to seal (Docket # 96), for an extension of time to complete discovery (Docket # 97), and to amend/correct the Answer to the Amended Complaint (Docket # 100).

## Discussion

**I.   Plaintiff's Motion to Compel**: In his motion to compel (Docket # 72), plaintiff complains that defendants have not fully responded to his discovery demands and, as a result, requests production of numerous documents.   In response, defendants

1

"acknowledge that Discovery is not complete in this matter" but point out that "they have produced thousands of pages of documents relevant to plaintiff's claims" and assert that they "are currently screening thousands of pages of documents concerning civil service lists" that plaintiff has requested and "are ready to serve copies of Office of Diversity Management files upon execution of a confidentiality stipulation." See Declaration of Emil J. Bove, Esq. (hereinafter "Bove Decl.") (Docket # 89) at ¶ 2.  Defendants also assert that many of plaintiff's discovery demands are "overbroad," as he has requested discovery of things that are irrelevant to his claims.  Id. at ¶ 14.  Defendants claim that "much of the emails sought are not reasonably accessible due to the nature of DOCS' email systems."  Id.  Nonetheless, defendants maintain that "thousands of pages of documents have been provided and thousands of pages more will be provided." Id. As promised, after responding to plaintiff's motion, defendants produced several additional discovery responses. See Dockets ## 91, 93, 94, 104.

It is difficult for this Court to determine exactly what discovery remains outstanding and what disputes still exist.  In their response, defense counsel acknowledges that the defendants have not fully responded to several of plaintiff's demands and will be producing "thousands of pages" of additional materials.  This representation was made in March of 2011 and despite the Court's request for an update as to the status of discovery from the

Assistant Attorney General currently assigned to this case, the Court is still not certain as to whether the thousands of pages of documents promised to be produced have in fact been provided as promised. Therefore, plaintiff's motion to compel will be granted as follows:

1. Within fourteen days from the date of this Order, defense counsel shall file an affidavit with the Court which specifically addresses each representation made by Mr. Bove in Docket # 89 with respect to further document production. As to documents that were promised to be disclosed, counsel's affidavit must specifically confirm that such disclosure has in fact occurred. Given that several months have passed since the additional documents were promised, the Court will be skeptical of any request by defendants for additional time to produce the promised documents. <u>As to any document or category of document being withheld, counsel's affidavit must explain with specificity why the requested documents are irrelevant or too burdensome to produce.</u>

2. Within 30 days from the date of this Order, plaintiff and defense counsel must <u>personally</u> meet and confer to discuss completion of discovery. In this regard, the parties are ordered to confer regarding search terms that could be used to search the DOCS Outlook system for electronic emails concerning plaintiff's protected activity and the claims he asserts in his Complaint against defendants Ratner and Fisher.

3. With respect to documents that are being withheld from production because plaintiff has not yet signed a confidentiality agreement, the parties are directed to discuss the terms of a proposed confidentiality agreement during their meeting. Plaintiff is advised that the Court will normally direct that identifying or personal information of non-parties or irrelevant information of a personal nature as to parties and non-parties (*i.e.*, social security numbers, medical or mental health records) be subject to a confidentiality agreement or protective order. If, during the conference, the parties are unable to agree on the terms of a stipulated confidentiality order, defense counsel shall submit a proposed protective order for the Court to consider. Such submission shall be made within thirty days of this Order.

4. Within fourteen days <u>after</u> their conference, the parties shall file with the Court a **joint statement** which summarizes the documents or categories of documents for which agreement or compromise could not be reached. The summary shall not be longer than ten double spaced pages and shall briefly state the position of each party with respect to each category of disputed documents.

5. The parties shall meet with the Court on **<u>November 16, 2011 at 10:00 a.m.</u>** to discuss the joint submission, resolve remaining discovery disputes and enter a final Scheduling Order.

**II. Plaintiff's Motion for Sanctions**: Plaintiff seeks to sanction defendants for failing to sufficiently respond to his

discovery demands. (Docket # 72). Plaintiff alleges that defendants have engaged in "bad faith activities" and requests that he be reimbursed for his costs in bringing the instant motion. In response to plaintiff's motion, defendants acknowledge that discovery is incomplete and admit that they have not fully responded to plaintiff's discovery demands, but contend that "the status of their response is not due to an intent to deny [plaintiff] any documents, rather it is due to the volume of documents generated concerning plaintiff by DOCS as well as the overbroad nature of plaintiff's discovery demands." See Bove Decl. at ¶ 14. Defendants point out that they have already produced "thousands of pages of documents" and maintain that "thousands of pages more will be provided." Id.

A court, pursuant to its inherent powers, has the discretion to sanction conduct that it considers to be an abuse of the judicial process. See Chambers v. NASCO, Inc., 501 U.S. 32, 42-44 (1991); see also Murphy v. Bd. of Educ. of Rochester City Sch. Dist., 196 F.R.D. 220, 224 (W.D.N.Y. 2000). To impose sanctions, the court must find that the offending conduct "was 'without a colorable basis' and undertaken in bad faith, i.e. 'motivated by improper purposes such as harassment or delay.'" Murphy, 196 F.R.D. at 225 (quoting Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 326 (2d Cir. 1999)).

The Court, having reviewed the papers in support of (Dockets

5

## 72, 92) and in opposition to (Docket # 89) plaintiff's motion for sanctions (Docket # 72), does not find <u>at this juncture</u> that defendants' conduct occurred in bad faith or was motivated by improper purposes and, therefore, declines to sanction defendants. Accordingly, plaintiff's motion for sanctions (Docket # 72) is **denied**.

**III. <u>The Parties' Motions to Modify the Scheduling Order</u>**: Although unable to agree on dates, both plaintiff (Docket # 74) and defendants (Docket # 97) have moved to modify the Scheduling Order. These motions are **granted**.  The Court will enter a Final Scheduling Order at the November 16, 2011 conference with the Court.

**IV.  <u>Defendants' Motion to Seal</u>**: Defendants seek leave to file under seal Exhibits "A" through "L" of their Fourth Supplemental Response to plaintiff's Document Demand (Docket # 94), which consist of copies of canvass list results for each ASAT SCC lateral transfer to Butler and Auburn Correctional Facilities since April 1, 2004.  (Docket # 96).  Defendants request permission to file under seal due to the Exhibits' "bulk, i.e. 221 pages" and because they "contain numerous references to plaintiff's and other person's personal information, including references to employment issues of state employees who are not parties to this Action."  <u>See</u> Declaration of Emil J. Bove, Jr., Esq. annexed to Docket # 96 at ¶ 2. Defendants assert that they have attempted to redact references to confidential personal information "but some references may

remain." Id.  Plaintiff opposes defendants' motion and requests that Exhibits A - L not be filed under seal because defendants have not offered a proper reason for sealing the documents.  (Docket # 103).

A district court "enjoys considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in our courts."  See Geller v. Branic Int'l Realty Corp., 212 F.3d 734, 738 (2d Cir. 2000).  The Court, having reviewed the papers in support of (Docket # 96) and in opposition to (Docket # 103) defendants' motion to seal (Docket # 96), as well as the documents defendants seek to seal (Exhibits A through L), finds that defense counsel's representation that public filing of this discovery information would unnecessarily reveal private information as to non-parties constitutes sufficient good cause to seal documents that, but for plaintiff's *pro se* status, would not need to be publicly filed. Accordingly, defendants' motion to seal Exhibits "A" through "L" of Docket # 94 is **granted**.

**V. Defendant Fisher's Motion to Amend Answer**:    On April 5, 2011, defendant Brian Fisher filed a motion to amend his Answer to plaintiff's Amended Complaint.  (Docket # 100).  Fisher seeks to amend his Answer pursuant to Rule 15(a) of the Federal Rules of Civil Procedure ("FRCP") to include a statute of limitations Affirmative Defense.  See Declaration of Emil J. Bove, Jr., Esq.

annexed to Docket # 100 at ¶ 9.  Defendant Fisher asserts that the deadline for moving to amend his pleading should be extended on grounds of "excusable neglect" under FRCP Rule 6(b)(1)(B).  Id. at ¶ 10.  Plaintiff was given an opportunity to oppose defendant Fisher's motion and has not filed any papers in opposition.  See Order dated April 6, 2011 (Docket # 102).

The Court, upon consideration of defendant's motion papers and the totality of the circumstances present here, hereby Orders that defendant Fisher's motion to amend his Answer (Docket # 100) is **granted**.  Defendant Fisher's proposed amended Answer attached as Exhibit "A" to Docket # 100 is now the operative Answer for defendant Fisher.

## Conclusion

Plaintiff's motion to compel (Docket # 72) is **granted in accordance with this Decision and Order**.  Plaintiff's motion for sanctions (Docket # 72) is **denied**.  Plaintiff and defendants' motion to modify the Scheduling Order (Dockets ## 74, 97) are **granted in accordance with this Decision and Order**.  Defendants' motion to seal (Docket # 96) is **granted**.  Defendant Fisher's motion to amend his Answer (Docket # 100) is **granted**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:  September 30, 2011
Rochester, New York