UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM J. MURRAY,

                                                  Plaintiff,

                                                                                                 <u>DECISION AND ORDER</u>

                                                                                                 08-CV-6383L

                                                 v.

BRIAN FISCHER, Official Capacity,

                                                Defendant.
_____

## INTRODUCTION

      This action under 42 U.S.C. § 1983 was brought by William A. Murray, *pro se*, against a number of employees of the New York State Department of Correctional Services ("DOCS"), and one employee of the Department of Civil Service, alleging that during plaintiff's employment with DOCS as a substance abuse counselor, defendants retaliated against him in various ways because of plaintiff's exercise of his rights under the First Amendment to the United States Constitution.

      On May 31, 2011, the Court issued a Decision and Order in this case (Dkt. #108) granting defendants' motion to dismiss plaintiff's claims against all the defendants other than DOCS Commissioner Brian Fischer, on the ground that since plaintiff only sought prospective, equitable relief, such relief could be obtained by means of an order directed against defendant Fischer in his official capacity. Thus, the Court concluded, "the claims against the defendants other than Fischer are redundant." Dkt. #108 at 1.

      In that decision, I also stated that plaintiff had not responded to the motion to dismiss. *Id*. Plaintiff, however, has now filed a motion for reconsideration and for leave to amend (Dkt. #110),

in which he states that he mailed to the Court his response to the motion to dismiss on February 27, 2011, well before the March 16 deadline for filing that response, and that plaintiff cannot explain why that response was not received by the Court.  Plaintiff also seeks leave to amend his complaint to add claims for damages, and to reinstate his claims against all the defendants, in both their individual and official capacities.

Defendants oppose plaintiff's motion, on the grounds that plaintiff's motion to amend is untimely, and that the Court's May 31 decision was correctly decided.  Defendants' attorney also states on information and belief that it does not appear that a copy of plaintiff's response to defendants' motion to dismiss was ever received by defendants or their counsel.  Dkt. #112 ¶ 7.

**DISCUSSION**

Two general principles are of particular relevance here.  One is that "a court is ordinarily obligated to afford a special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Another is that "[t]he rule in our circuit is to allow a party to amend its complaint unless the nonmovant demonstrates prejudice or bad faith." *City of New York v. Group Health Inc.*, 649 F.3d 151, 157 (2d Cir. 2011) (citing *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010)).

With respect to both those principles, the Second Circuit explained in *Tracy* that "[t]he solicitude afforded to *pro se* litigants takes a variety of forms.  It most often consists of liberal construction of pleadings, motion papers, and appellate briefs.  It is not, however, limited to this specific procedural setting. Rather, it also embraces relaxation of the limitations on the amendment of pleadings." 623 F.3d at 101.

In the case at bar, I am not convinced that, had the Court received plaintiff's response to defendants' motion prior to my decision, I would have ruled differently.  Plaintiff's response focused on the individual defendants' personal involvement in the alleged constitutional violations, and on

whether the principles enunciated in *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), apply to this case. Those matters have no direct bearing on the issues presented by defendants' motion to dismiss, which concerned the proper defendants against whom to seek prospective equitable relief from an arm of the state. I therefore find it unnecessary to decide whether plaintiff has shown that he did in fact attempt to file, and timely serve, a copy of his opposition to defendants' motion to dismiss, prior to this Court's May 31 decision.

For the first time, however, plaintiff also seeks leave to amend his complaint to assert a claim for money damages. While such relief is not available from the state, or from state defendants sued in their official capacities, *see Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Brown v. New York State DOCS*, 583 F.Supp.2d 404, 411 (W.D.N.Y. 2008), damages are generally available in § 1983 suits against state officials in their individual capacities. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997); *New Windsor Volunteer Ambulance Corps, Inc. v. Meyers*, 442 F.3d 101, 122 (2d Cir. 2006).

As stated, leave to amend a complaint should generally be granted, absent a showing of bad faith or unfair prejudice to the nonmoving party, or where the proposed amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *SCS Communications, Inc. v. Herrick Co., Inc.*, 360 F.3d 329, 345 (2d Cir. 2004); *Johnson v. University of Rochester Med. Ctr.*, 686 F.Supp.2d 259, 270 (W.D.N.Y. 2010), *appeal dismissed*, 642 F.3d 121 (2d Cir. 2011). I see no such impediments to amendment here.

While it would have been preferable for plaintiff to have presented such a claim earlier in this litigation, I again am mindful of plaintiff's *pro se* status. As a *pro se* litigant, plaintiff may not have fully understood or been aware of the distinctions between official- and individual-capacity suits, and the types of relief available in such suits, prior to the issuance of this Court's May 31 Decision and Order. In addition, the defendants in question have been named in this litigation almost from

its inception,[1] and reinstatement of plaintiff's claims against them, in their personal capacities, would not unduly prejudice the defendants. *See Alexandre v. Town of Hempstead*, 275 F.R.D. 94, 97 (E.D.N.Y. 2011) ("Mere delay, ...absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend") (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)); *DuFour-Dowell v. Cogger*, 969 F.Supp. 1107, 1111 (N.D.Ill. 1997) (granting leave to amend § 1983 complaint to add county sheriff in his official and individual capacities, since claims against sheriff were based on facts that were already at issue in suit); *Doe v. Columbia University in City of New York*, 165 F.R.D. 394, 397 (S.D.N.Y. 1996) (finding no error in magistrate judge's decision to allow plaintiff to amend her complaint to add a claim against defendant for punitive damages).

As explained in the Court's May 31 decision, however, plaintiff's claims for prospective equitable relief can effectively be prosecuted against defendant Fischer in his official capacity. While plaintiff's claims against the other defendants will be reinstated, then, those defendants may only be sued in their individual capacities, for money damages. If plaintiff does succeed in obtaining equitable relief, in the form of an injunction or declaratory relief, those defendants will be subject to the resulting equitable decree of this Court, regardless of the capacity in which they were sued.

## CONCLUSION

Plaintiff's motion for reconsideration and for leave to amend (Dkt. #110) is granted in part and denied in part. Plaintiff's motion for leave to amend his complaint is granted. The Clerk of the Court is directed to file plaintiff's proposed amended complaint (Dkt. #110 at 21-30) as plaintiff's

---

[1] Plaintiff's original complaint named only New York State and DOCS as defendants. In November 2008, the Court dismissed those claims without prejudice, on the ground that they were barred by the Eleventh Amendment, and granted plaintiff leave to replead his claims against the relevant state officers. Dkt. #8. Plaintiff's amended complaint, seeking prospective equitable relief against defendants in their official capacities, was filed in December 2008. Dkt. #9.

amended complaint.  Plaintiff's claims against all the defendants other than defendant Brian Fischer are hereby reinstated, insofar as the amended complaint seeks money damages.  In all other respects, plaintiff's motion is denied.

    IT IS SO ORDERED.

                                                _____
                                                   DAVID G. LARIMER
                                             United States District Judge

Dated: Rochester, New York
      October 24, 2011.