**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

William J. Murray,

              Plaintiff,

  v.                                **DECISION AND ORDER**
                                              08-CV-6383

Gary Coleman, *et al.*,

              Defendants.

**Preliminary Statement**

Plaintiff William J. Murray, appearing *pro se*, brings the instant action pursuant to 42 U.S.C. § 1983, asserting various claims relating to alleged harassment and retaliation in connection with his employment with the New York State Department of Correctional Services ("DOCS"). See Amended Complaint (Docket # 120). Currently pending before the Court are plaintiff's motions for discovery (Docket # 126), for a stipulated Protective Order (Docket # 127) and to compel (Docket # 132).

**Discussion**

**I. Plaintiff's Motion for Discovery**: In this motion, plaintiff requests "access to electronic records." (Docket # 126). Specifically, plaintiff asserts that defendants "have withheld electronically stored information" and have never provided a "chronological e-mail history of any kind." Id. According to plaintiff, defense counsel has stated "costs and access" as the "primary reasons" why defendants have been unable to timely respond to plaintiff's discovery demands. Plaintiff seeks permission to

"visit all locations where electronic information is stored and retrieve discovery demands" and offers to pay for all copying costs for relevant documents. Id.

In response to plaintiff's motion, defense counsel, J. Richard Benitez, Esq., simply avers that <u>after</u> plaintiff filed this motion to compel, he provided plaintiff with "copies (free of charge) of the documents sought" and, therefore, plaintiff's motion is "moot." <u>See</u> Declaration of J. Richard Benitez, Esq. (Docket # 135). In reply, however, plaintiff asserts that "virtually no electronic records [were] included" in defendant's discovery responses. (Docket # 137). Plaintiff maintains that "[t]here has never been a systemic search of DOCCS [sic] electronic database" and he "has not received any chronological electronic records related specifically to a single Defendant and/or electronic communications concerning extensive claims" asserted by plaintiff. Id.

Defense counsel's terse response to the motion to compel makes it difficult for the Court to determine whether defendants have in fact produced all relevant electronic records and emails as demanded by plaintiff. Mr. Benitez's Declaration does not provide any details regarding how and where electronically stored information ("ESI") is held, what efforts were made to preserve relevant ESI, and the method used by defendants to locate, search and produce relevant ESI. In light of the inadequacy of the defendants' response to the motion to compel, the Court will

construe the response as a claim that ESI, including emails, have not been produced because the data demanded has been destroyed or is not "reasonably accessible." Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure provides that on a motion to compel discovery "the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost." See Star Direct Telecom, Inc. v. Global Crossing Bandwidth, Inc., 272 F.R.D. 350, 358-59 (W.D.N.Y. 2011)("The responding party must also identify, by category or type, the sources containing potentially responsive information that it is neither searching nor producing. The identification should, to the extent possible, provide enough detail to enable the requesting party to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources.")(quoting Fed. R. Civ. P. 26 advisory committee's note (2006)).

In order for the Court to determine whether defendants have met their discovery obligations and to comply with the requirements of Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure, defense counsel shall file an affidavit of a person with direct knowledge of DOCS's document and email retention system stating: (1) the document/email retention policy used by DOCS currently and during the relevant time periods, (2) the dates of emails "reasonably accessible" for production in this litigation, (3) the

3

back up or legacy system, if any, used by DOCS to preserve or archive emails that are no longer "reasonably accessible" and whether responsive documents or data may potentially be found on such back up or legacy systems, (4) whether accessing archived or back up emails would be unduly burdensome or costly and why, and (5) the date when a litigation hold or document preservation notice was put in place by DOCS regarding this matter and either a copy of or a description of the preservation or litigation hold utilized by DOCS. The affidavit shall be filed within thirty (30) days of entry of this Order.

**II. Plaintiff's Motion for a stipulated Protective Order**: With the instant motion, plaintiff seeks entry of his proposed stipulated Protective Order. (Docket # 127). Plaintiff attached to his motion papers "a proposed equitable stipulation and order of confidentiality which meets the needs of both parties with regard to confidentiality, and offers a reasonable process to resolve any disagreement." Id. Defense counsel has inexplicably failed to file a response to plaintiff's motion.

On January 18, 2012, the Court held an on the record conference with plaintiff and defense counsel. During the conference, the dispute over issuance of a protective order/confidentiality agreement issue was discussed at length and the Court set forth the requisite process for the manner in which the parties were to proceed with reviewing and producing discovery.

4

See Transcript of January 18, 2012 conference (hereinafter "1/18/12 Tr.") (Docket # 134). Specifically, with respect to the Inspector General files, diversity management documents, personnel files and any other documents defendants have produced as responsive to plaintiff's discovery requests, (1) defense counsel must produce the documents for review and inspection by plaintiff; (2) plaintiff shall review the documents produced and identify which documents he wants copied and produced to him; (3) defense counsel shall then have two weeks to review the documents designated by plaintiff and designate what portion, if any, of a designated document is deemed to be confidential and why it is confidential; (4) documents and parts of documents not designated confidential should be produced to plaintiff without delay; (5) plaintiff and defense counsel shall meet and confer with respect to any documents or parts of documents designated confidential by defense counsel and attempt to agree on redactions or other confidentiality stipulations to resolve their dispute; and (6) <u>no later than thirty days after the date of this Order</u> defense counsel shall file a motion seeking a protective order as to any document or portion of any document for which plaintiff and defense counsel can not agree as to confidentiality. The motion must be accompanied by a memorandum of law.

**III. Plaintiff's Motion to Compel**: With the instant motion, plaintiff asserts that he inspected "approximately twenty thousand" documents at the Attorney General's Office and found "several

5

hundred documents responsive to Plaintiff's discovery demands" which plaintiff requested be copied at his expense and produced to him. (Docket # 132). Plaintiff maintains that despite multiple requests for production, defense counsel has not "provided any discovery documentation as directed by the Court" and, therefore, requests that defense counsel be ordered "to immediately copy all documents identified as discovery" during his inspection "and forward these documents" to plaintiff. Id.

In response to plaintiff's motion, Mr. Benitez avers that after plaintiff filed the instant motion on March 20, 2012, "copies (free of charge) of the documents sought by the plaintiff have been produced" and, as a result, plaintiff's motion to compel "should be denied as moot." See Declaration of J. Richard Benitez, Esq. (Docket # 135).

In reply in further support of his motion, plaintiff contends that contrary to Mr. Benitez's assertions he "has in fact not received complete copies of all documents" that he requested after inspection. (Docket # 139). Specifically, plaintiff maintains that he requested the following four categories of documents which defense counsel never produced: (i) "Seven pages of documentation from Inspector General Senior Investigator Christopher Petrosi, identified as summary and schedule documents (2008)"; (2) "Six pages of documentation from inspector General Senior Investigator Christopher Petrosi, identified as interview notes (2008)"; (3)

Twenty seven pages of documentation from the office of the Inspector general identified as investigation into Plaintiff's contracted work for Keuka College (2008)"; and (4) "Seventy five pages of documentation identified as an investigation into work related activities by Plaintiff while employed at Oneida Correctional Facility." Id.  Plaintiff asserts that none of these requested documents contain confidential information.  Id.

The Court hereby Orders defense counsel to produce the four aforementioned categories of documents plaintiff seeks in the instant motion within thirty (30) days of entry of this Order.  If defense counsel is withholding relevant documents or is claiming that any of the aforementioned documents do not exist, he must submit an affidavit within thirty (30) days specifically identifying the reasons for non-production.

## Conclusion

Plaintiff's motion for discovery (Docket # 126) is **granted in part and denied in part**.  Plaintiff's motion for a stipulated Protective Order (Docket # 127) is **denied** and the parties are directed to comply with the Court's instructions as set forth herein.  Plaintiff's motion to compel (Docket # 132) is **granted.**
**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 12, 2012
Rochester, New York

7