UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIAM J. MURRAY,

                    Plaintiff,

          v.

GARY COLEMAN, et al.,

                    Defendants.

**DECISION & ORDER**
08-CV-6383

## Procedural Background

*Pro se* plaintiff William J. Murray brings the instant action pursuant to 42 U.S.C. § 1983 for alleged violations of his First and Fourteenth Amendment rights.  See Third Amended Complaint (Docket # 120).  Currently pending before the Court are plaintiff's motion to amend the complaint (Docket # 148) and plaintiff's motion to find defendants in contempt of court for failure to meet discovery requests (Docket # 153).  Plaintiff also later filed another motion to compel and for sanctions.  (Docket # 162).  By Order of Judge David G. Larimer, dated November 24, 2009, all pretrial matters excluding dispositive motions have been referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(A)-(B).  (Docket # 37).

## Relevant Facts

Plaintiff William J. Murray has been employed by the New York State Department of Correctional Services (DOCS) as a substance abuse counselor at Five Points Correctional Facility since 2004. See Complaint (Docket # 1).  Plaintiff commenced this action in

August 2008.  See id.  Since that time, with Court permission, plaintiff has amended his complaint three times.  The first amended complaint was filed in December 2008 (Docket # 9), the second amended complaint was filed in September 2009 (Docket # 30), and the third amended complaint was filed in October 2011 (Docket # 120). Each of the complaints make the same general allegations — that plaintiff is a whistleblower who has identified and reported "ongoing federal fraud, state fraud and civil service fraud" committed by the various named defendants, including (1) the misappropriation of millions of dollars of federal funds; (2) falsifying official documents; (3) illegally releasing from state custody "sex offenders, violent predators, drug dealers and every type of predicate felon imaginable"; and (4) other violations of judicial orders and New York's civil service law and corrections law.  See Third Amended Complaint (Docket # 120) at ¶¶ 9—10.

Although the case is now over five years old, discovery has been exceedingly contentious and difficult to manage.  Plaintiff and the Assistant Attorney General assigned to the case have not cooperated with each other, forcing the Court to intervene on several occasions.  The most recent was September 12, 2012 when the Court ruled on various discovery issues raised by plaintiff, including an application for electronically stored evidence.  See Docket # 143.

Plaintiff is proceeding pro se, and his discovery demands pay tribute to his belief that defendants are engaged in a massive

coverup of improper and illegal conduct.    For the most part, plaintiff's discovery requests are inartfully framed, improperly broad, and often seek irrelevant information.    When defendants object to the demands, plaintiff brings motions to compel and for sanctions.    Current defense counsel does his clients no favors by making his responses to these motions so terse and boilerplate that it is left to the Court to wade through the minutiae of the dispute trying to separate the "wheat from the chaff."  <u>See, e.g.</u>, Docket ## 135, 151, 157.

With this frustrating background in mind, the Court turns to plaintiff's latest motions.

<u>1. Motion to File an Amended Complaint:</u> Plaintiff again seeks to file an amended complaint adding additional claims and defendants.  (Docket # 148).  Plaintiff seeks to add allegations that "additional individuals" have, <i>inter alia</i>, (1) "discriminated and retaliated against Plaintiff for filing this action by denying Plaintiff reasonable accommodation[1] as required for Plaintiff's long established disability," (2) violated his First Amendment rights by "barring Plaintiff from forwarding documents identifying fraud and illegal acts through the chain of command and to agencies responsible for oversight and accountability for these acts," (3)

---

[1] Plaintiff alleges he filed an Article 78 proceeding in Seneca County Supreme Court alleging that he was denied reasonable accommodations that was settled.  <u>See</u> Motion to Amend (Docket # 148) at ¶ 5.    According to plaintiff, he was forced to sign the settlement agreement under duress.  <u>See</u> <u>id.</u>

"failed to investigate reports of ongoing harassment," and (4) "refused to produce documents related to discrimination against Plaintiff in the form of Civil Service violations." See Motion to Amend (Docket # 148) at ¶¶ 5–8. All told, plaintiff seeks to add thirteen new defendants to the twenty-two defendants currently named in the Third Amended Complaint. See Proposed Fourth Amended Complaint, annexed as Exhibit "N" to Docket # 148

Plaintiff's motion to amend his complaint for the fourth time is **denied**. Plaintiff must understand that a federal lawsuit is not an Internet blog in which every perceived grievance or offending individual can be immediately updated or added. The gist of plaintiff's complaints against DOCS and its employees are adequately set forth in his Third Amended Complaint. (Docket # 120). The latest motion to amend, filed five years after the lawsuit was commenced, is untimely. Adding thirteen new defendants at this time will delay this lawsuit even further. The time has come to move the litigation forward and beyond years of pretrial discovery litigation and motions to amend. If plaintiff has a case against any of the twenty-two individuals he has sued, it is time to find out.

2. Motion for Contempt: Plaintiff has also filed a motion asking the Court to find defendants in contempt for failure to produce court-ordered discovery. (Docket # 153). Specifically, plaintiff asks that defendants be found in contempt for failure to comply with two previous orders of this Court, Docket # 115 and

Docket # 143.  See id. at ¶¶ 1—3.

The "power to hold a party in civil contempt may be exercised only when (1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply."  N.Y. State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1351 (2d Cir. 1989).  Plaintiff has made no such showing here because the orders plaintiff relies on are not orders upon which a contempt finding can be made.

Docket # 115 does not order defendant to do anything related to discovery.  Rather, it allowed plaintiff to filed his Third Amended Complaint and denied his motion for contempt but encouraged him to file a motion to compel.  Plaintiff did file a motion to compel, and Docket # 143 addressed the merits of that motion.  The primary discovery issue addressed in Docket # 143 was plaintiff's demand for historical e-mails and the inadequacy of defense counsel's response to plaintiff's demand as measured by Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure.  Defense counsel was ordered to supplement the record by providing an affidavit from a DOCS employee who had "direct knowledge of DOCS's document and email retention system."  In addition, the Court directed defense counsel to produce four specific categories of documents to plaintiff.  Defense counsel complied with the Court's direction.  See Docket # 147.

In his contempt motion papers, plaintiff lists thirteen categories of documents he asserts were previously demanded from

defendants and not produced. <u>See</u> Docket # 153 at ¶ 4(a)–(m). Remarkably, defense counsel's responding affidavit does not address these demands, preferring to leave it to the Court to figure out if they were in fact demanded and what defendants' response was. I decline the invitation and direct defense counsel to file an affidavit within thirty (30) days setting forth what documents exist in response to these demands, what responsive documents, if any, have been produced, and what documents have not been produced with the reason for non-production.

3. <u>Further Proceedings</u>: On June 14, 2013, plaintiff filed another motion to compel and for sanctions. (Docket # 162). This motion is based on based on plaintiff's supplemental document demand (Docket # 158) and defense counsel's response to that demand (Docket # 160). I have reviewed defendants' response to plaintiff's discovery demands. They are inadequate in that they simply intone boilerplate objections and do not comply with the Federal Rules of Civil Procedure. <u>See</u> <u>Obiajulu v. City of Rochester, Dep't of Law</u>, 166 F.R.D. 293, 295 (W.D.N.Y. 1996) ("[P]at, generic, non-specific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure. An objection to a document request must clearly set forth the specifics of the objection and how that objection relates to the documents being demanded."). To avoid further unnecessary discovery litigation, defense counsel is ordered to supplement his discovery responses to comply with the requirements set forth in

Obiajulu.   Such supplementation shall be filed within thirty (30) days.   Docket # 162 is deemed to be **denied without prejudice to renew** once plaintiff reviews the required supplementation.

I fully understand defense counsel may be frustrated by what he perceives to be a meritless lawsuit and difficulties litigating against a *pro se* party who is not trained in the law but nonetheless zealous in his advocacy of and belief in his case.   However, benign neglect of litigation such as this is neither efficient or just to any of the parties or the Court.   In March 2012, when I held a conference with the parties on the record to try and move the case forward, I advised defense counsel that he needed "to get a handle on this case" or it was going to "operate to [his] detriment."   See Transcript of Mar. 26, 2012 Proceedings (Docket # 134) at 31.   As the only attorney in this case, defense counsel must accept responsibility to help lead this case to a resolution.   There is simply no question that after five years of litigation, four complaints, thousands of pages of documents produced for inspection, and motions to compel and for sanctions, a summary judgment motion in this case would assist the parties and the Court in determining which, if any, of plaintiff's claims deserve consideration by a jury.   Such a motion may resolve all or part of the case, and it would certainly assist the Court and the parties in narrowing the issues and the scope of any further proceedings.

For reasons unknown, defense counsel has avoided filing a dispositive motion, apparently preferring to engage in protracted discovery litigation instead. This Court believes both plaintiff and the many defendants he has sued deserve the opportunity to move the case forward. Therefore, the Court directs that the parties appear before this Court on **November 1, 2013 at 10:30 a.m.** to establish a final deadline for the filing of dispositive motions. No further discovery (other than the discovery set forth in this Decision and Order) will be permitted pending the conference.

## Conclusion

For the reasons stated above, plaintiff's motion to amend the complaint (Docket # 148) is **denied** and plaintiff's motion to find defendants in contempt of court (Docket # 153) is **denied**. Plaintiff's pending motion to compel and for sanctions (Docket # 162) is **denied without prejudice to renew**. Defense counsel is directed to comply with the discovery obligations set forth in this Order within thirty (30) days.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September **30** , 2013
Rochester, New York